# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| **Sarah A. Mullin and** | ) | |
| **Charles R. Mullin**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **C.A. No. N18C-11-078 FJJ** |
| v. | ) | |
| | ) | |
| **Bruce M. Ascetta and** | ) | |
| **Carla S.M. Ascetta**, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 22, 2021
Decided: December 2, 2021

## OPINION ON THE PARTIES' CROSS MOTIONS FOR COSTS AND ATTORNEY'S FEES AND DEFENDANTS' MOTION FOR RELIEF UNDER RULE 60(b)

*Donald L. Gouge, Jr., Esquire*, Donald L. Gouge, Jr., LLC, Wilmington, Delaware, *Attorney for Plaintiffs.*

*Steven Schwartz, Esquire*, Schwartz & Schwartz, P.A., Wilmington, Delaware, *Attorney for Defendants.*

**Jones, J.**

This opinion constitutes this Court's decision on both parties' applications for costs and attorney's fees, as well as Defendants' application for relief pursuant to Delaware Superior Court Civil Rule 60(b). The parties now ask this Court to determine whether they may recover their attorney's fees and costs resulting from this litigation. Additionally, Defendants' request that this Court set aside its finding in the Memorandum Opinion decided September 20, 2021 in favor of the Plaintiffs in the amount of $19,144.00. For the reason set forth fully below, Defendants' Motion for costs and attorney's fees is DENIED; Plaintiffs' Motion for costs and attorney's fees is GRANTED, in part, and DENIED, in part; and Defendants' Motion for relief pursuant to Rule 60(b) is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying cause of action in this case concerns the sale of a home by the Defendants, Bruce M. Ascetta and Carla S.M. Ascetta ("Ascettas") to the Plaintiffs, Sarah A. Mullin and Charles R. Mullin ("Mullins"). The Mullins alleged that the Ascettas violated the Delaware Buyer Protection Act, 6 *Del. C.* § 2572, by not disclosing in the required Disclosure Statement at least ten (10) material defects in the property of which the Ascettas were aware. Following a four-day bench trial, this Court found that the Ascettas failed to disclose two (2) material defects in the property. In a pretrial ruling, this Court held that the Mullins could not claim any damages for any defects covered under the Homeowners' Warranty. Because both

2

of these defects were covered under the Homeowners' Warranty issued by the Home Builder, that had been assigned to the Mullins, this Court limited the damage award. The damage award represented the costs of alternative housing and moving expenses which this Court concluded were the proximate result of the Ascettas' breach and not covered under the Homeowner's Warranty. The Court awarded $19,644.00 in damages. This award was in the face of a damages claim by the Mullins of approximately $240,000 and included amounts for alleged claimed defects, at least eight (8) of which this Court found were not proven by a preponderance of the evidence.

## STANDARD OF REVIEW

In *Casson v. Nationwide Insurance Co.*, the Delaware Supreme Court set forth the general rule in Delaware regarding court costs and attorney's fees. "[O]rdinary court costs are usually allowed to a prevailing party[,]" which is reflected in 10 *Del. C.* § 5101.[1] "Determining when costs are awarded and when they are not is, in [the Court's] judgment, a matter of judicial discretion under the statute[,] which is also consistent with 10 *Del. C.* § 5101 and Superior Court Civil Rule 54(d).[2] Where a court awards costs as "a matter of course," discretion lies with the court to determine

---

[1] *Dreisbach v. Walton*, 2014 WL 5426868, at *4 (citing *Casson*, 455 A.2d 361, 369 (Del. Super. Ct. 1982)). *See also* 10 *Del. C.* § 5101 ("Generally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs off suit, to be awarded by the court.").

[2] *Id.* (citing *Donovan v. Delaware Water and Air Resources Commission*, 358 A.2d 717, 722 (Del. 1976)). *See also* Del. Super. Ct. R. 54(d) ("Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs.").

the amount that should be awarded considering "whether the cost reasonably could have been avoided."[3]

The rule for attorney's fees is different than costs. "The general rule in Delaware is that attorney's fees are not awarded to the prevailing party."[4] A court may not order the payment of attorney's fees for one party by the other "unless the payment of such fees is authorized by some provision of statue or contract."[5] Even where such a provision exists, "the court may still elect to award fees only in proportion to a party's limited success."[6]

## ANALYSIS

In the instant case, both parties have filed cross motions for court costs and attorney's fees. The basis for the parties' motions is this contractual provision that was a part of their agreement.

> *27. INDEMNIFICATION/ATTORNEY FEES. * *  * In the event a dispute arises under this Agreement between Seller and Buyer resulting in any litigation, and/or arbitration, Buyer or Seller, whichever is unsuccessful, shall also be liable for the other parties' court cost and attorney's fees.*

It is clear from the contractual language that the party entitled to recovery of court costs and attorney's fees is the "successful party." What is not clear is what

---

[3] *Dreisbach*, 2014 WL 5426868, at *4 (citing *Christiana Marine Service Corp. v. Texaco Fuel and Marine Marketing Inc.*, 2004 WL 42611, at *7, *8 (2004)).
[4] *Dreisbach*, 2014 WL 5426868, at *5 (citing *Casson*, 455 A.2d at 369).
[5] *Id.* (citing *Casson*, 455 A.2d at 370).
[6] *Id.* (citing *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 178, 185 (Del. Ch. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

4

party was, in fact, the "successful party." The Ascettas advance that they were the successful party because they were successful on Counts I, III, and IV, and as to Count I, the Mullins were awarded only $19,644.00 for repairs despite their claimed damages amounting to $238,430.68. Conversely, the Mullins advance that because the verdict was in their favor, albeit far less than the claimed damages, amount, that they are the prevailing party. Additionally, the Ascettas argue that they would have been 100% successful but for alleged misrepresentation by the Mullins.

## Court Costs

It is within this Court's discretion, pursuant to Delaware case law and statutory law, which party to award court costs to.

This litigation involved two key issues. First, were there material defects in the property of which the Ascettas, as the sellers, were aware and failed to disclose. Second, if there were material defects that were not disclosed, what damages were the responsibility of the Ascettas. The Mullins alleged at least ten (10) defects which they claimed were material and not disclosed, and to which they claimed damages. This Court found in favor of the Mullins as to two (2) of the claimed defects. These defects were major as they related to the roof and floors of the property. As to these two defects for which liability was found, this Court determined that the damages were limited by virtue of the Mullins' ability to recover under the homeowners' warranty. This Court still, however, awarded the Mullins $19,644.00 for the cost of

5

the repairs relating to the two defects and alternative housing for them while the repairs were being completed.

The Ascettas failed to disclose material defects in the property they were selling to the Mullins, which they were required to do so pursuant to the Delaware Buyer Protection Act.[7] After a four-day bench trial, this Court found that the Mullins established by a preponderance of the evidence that the Ascettas failed to disclose two (2) material defects as to the roof and floors of the property. There was credible testimony presented at trial establishing that to fix the Ascettas' breach, repairs would need to be made at the property and the Mullins would have to move out of the property until the completion of the repairs. But for the Defendants' breach, Plaintiffs would not have initiated the litigation. As such, this Court finds that the Plaintiffs were the successful party and awards costs to them as set forth herein.

Plaintiffs have requested Nexis Lexis Court fees ($886.50), trial fee ($150.00), Sheriff fees ($185.00), Special Process Server fees and trial binder fees ($172.96). I find each of these requests a recoverable cost and a reasonable amount.[8] I therefore award these amounts.

---

[7] 6 *Del. C.* § 2572.

[8] *See Cooke v. Murphy*, 2013 WL 6916941, at *4 ("Generally court filing fees are recoverable, and this Court has permitted prevailing parties to recover LexisNexis filing costs in the past." (internal citations omitted)). *Dreisbach v. Walton*, 2014 WL 5426868, at *5 (Court found that necessary costs include filing and service fees and fees associated with trial binders; *Hajali v. Daller*, 2017 WL 5606828, at * 1 (citing *In re Servino v. Medical Center of Del, Inc.*, 1997 WL 527961 (Del. Super. Aug. 12, 1997) ("The Court may grant costs associated with the filing and service of the complaint in addition to the Prothonotary's docket entries and trial fee."); Del. Super. Ct. Civ. R. 54(f) ("Witness fees for those testifying on deposition shall be the same as statutory witness fees for testifying in Court and such fees shall be taxable as costs if the deposition is introduced into evidence.").

Plaintiffs seek the cost of the Arbitrator's fee in the Homeowner's Warranty Provision. This is a request for a cost in a proceeding not involving the Ascettas and not part of this case.  I therefore decline to award it.

Plaintiffs also seek deposition costs for a number of witnesses. Ray Strauss was the only witness called by the Plaintiffs who appeared solely via deposition. His deposition costs of $419.22 are awarded. The other deposition fees being sought are for witnesses who actually testified at trial. Under these circumstances, the costs of these transcripts are not recoverable.[9]

Plaintiffs seek the Courtscribe charges of $1,908.75. I believe this is an appropriate cost. I therefore award the plaintiff $1,908.75

### Attorney's Fees

In *Dreisbach v. Walton*[10], the Court found the Plaintiffs to be the successful party. However, the Court limited the Plaintiffs' success based on the monetary amount recovered and the number of claims Plaintiffs prevailed on.[11] It is not possible to award "mathematically precise" attorney's fees, but a court should "err towards generosity" in calculating attorney's fees a party.[12] In reaching its conclusion, the *Dreisbach* Court engaged in a two-step analysis to determine which party should be awarded fees and how much.

---

[9] *See* Del. Super. Ct. Civ. R. 54(d).
[10] 2014 WL 5426868 (Del. Super. Ct. October 27, 2014).
[11] *Id.* at *5.
[12] *Id.* at *6 (quoting *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 178. 188 (Del. Ch. 2003)).

First, a court must determine "whether there is a contractual provision that provides for fee-shifting in the instant action."[13] Such a provision exists in the instant matter and is identical to the provision in *Dreisbach*. Neither party challenges this provision's validity.

Second, "a court must determine what amount of attorney's fees would be reasonable in light of the degree of success achieved by Plaintiffs."[14] Here, the Ascettas have disputed the reasonableness of the amount of attorney's fees requested by Plaintiffs, arguing that the Plaintiffs have "commingled" the records as to their arbitration fees and Superior Court case fees, and as such "left this court unable to make any reasonable finding of the actual amount of attorney's time spent for Plaintiffs in this Superior Court case." Additionally, the Ascettas advance that they were the successful party and thus entitled to attorney's fees. This Court does not agree.

The Mullins prevailed to the extent that this Court found that the Ascettas did, in fact, breach the Delaware Buyer Protection Act by not disclosing material defects in the Disclosure Statement. However, the Mullins success was limited because out of the (10) claimed material defects the Ascettas did not disclose, this Court found only in favor of the Mullins as to two (2) material defects, albeit major defects

---

[13] *Dreisbach*, 2014 WL 5426868 at *7 (Del. Super. Ct. October 27, 2014).
[14] *Id.*

8

relating to the roof and floors of the home. Additionally, while Plaintiffs requested damages in the approximate amount of $240,000, this Court limited the damages amount to $19,644.00 as explained above.

While the Mullins "did not achieve the sort of 'excellent result' that occasions a full award of attorney's fees[,] this Court awards attorney's fees in the amount of $10,000 to the Plaintiffs, being "cognizant that the size of Plaintiffs' narrow victory cannot be quantified with mathematical precision."[15] This amount takes into consideration Defendants' argument that the fees related to the prosecution of the arbitration proceedings which are not recoverable in this case.

**Rule 60(b)**

Defendants have requested relief from this Court pursuant to Delaware Superior Court Civil Rule 60(b)(3). They request that this Court set aside its finding in the Memorandum Opinion decided September 20, 2021 in favor of the Plaintiffs in the amount of $19,144.00 as a damages award for their claimed moving expenses and alternative housing costs. The Ascettas assert that the Mullins misrepresented that they would be required to move out, obtain alternative housing, and move back to the property. The Ascettas rely on their realization post-trial that the Mullins had listed the property for sale and sold it under an Agreement of Sale dated September

---

[15] *Id.* at 6, 7 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The fees requested are reasonable under the circumstances as the Court has no issue with the time spent on this part of the case, as opposed to the arbitration proceeding, or the rates charged.

27 and October 6, 2021 with an expected closing date of November 5. If the property is in fact sold "as is," the Ascettas assert that the Mullins would make a profit of $57,000. In essence, Defendants' argument is that the amount awarded to Plaintiffs is no longer necessary because Plaintiffs are in the process of selling the property.

Rule 60(b)(3) states that "On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for … fraud … misrepresentation or other misconduct of an adverse party[.]"[16] Defendants must "point to evidence or facts that would lead a reasonable mind to the conclusion that an adverse party improperly obtained a final judgment."[17] What does not meet this standard is "sinister suspicions" and "dark imaginings."[18] Defendants must prove the fraud by clear and convincing evidence.[19] The Ascettas fall far short from this standard.

In the instant matter, the Ascettas point to no evidence nor facts that would lead a reasonable mind to conclude that at the time they testified at trial the Mullins were aware that they intended to sell the property and move out. There is no evidence that the settlement has occurred nor is there any evidence that the Mullins did not suffer a loss in the final sales price because of the issues with the Ascettas.

---

[16] Del. Super. Ct. Civ. R. 60(b)(3).
[17] *In re MCA, Inc.*, 774 A.2d 272, 280 (Del. Ch. 2000)).
[18] *Id.*
[19] *Lenois v. Lawal*, 2020 WL 7861210, at *9 (Del. Ch. December 31, 2020) (quoting *In re U.S. Robotics Corp. S'holders Litig.*, 1999 WL 160154, at *12 9Del. Ch. Mar. 15, 19999)).

Defendants have not presented the clear and convincing evidence justifying relief under Rule 60(b)(3). In short, Defendants' assertions are merely speculative and insufficient for this Court to set aside its finding in the amount of $19,644.00 to the Plaintiffs.

## CONCLUSION

Based on the discussion herein, this Court:

DENIES Defendants' Motion for Costs and Attorney's Fees;

GRANTS, in part, Plaintiffs' Motion for Costs in the amount of $3,722.43;

GRANTS, in part, Plaintiffs' Motion for Attorney's Fees in the amount of $10,0000; and

DENIES Defendants' Motion under Rule 60(b)(3)

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Judge

/jb
File & ServeXpress

11